UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brenda Delhotal, | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-583 |
| v. | ) | |
| | ) | Judge April M. Perry |
| WalMart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Brenda Delhotal ("Plaintiff") brought this premises liability negligence action against Defendant WalMart, Inc. ("Defendant" or "Walmart") in January 2023 following a slip and fall at a store owned by Defendant. Defendant now moves for summary judgment in its favor. For the reasons stated below, the Court grants Defendant's motion.

**BACKGROUND**

On Augst 25, 2022, at around 9:45 a.m., Plaintiff slipped and fell in the vestibule area of one of Defendant's stores. Plaintiff fell on her left side, suffering injuries which required serious medical intervention including elbow surgery. Plaintiff believes she slipped and fell on a small puddle of water about the size of a Post-it note on the ceramic tile. Doc. 57-1 at 19. Though it was not raining when Plaintiff entered the store, it had rained earlier during the morning on the day she fell, *id.* 18, and in her Complaint Plaintiff alleges that the water trickled into the store via the shopping carts parked to the side of the area where she fell, Doc. 1, ¶8. These facts are largely undisputed.

Now, for the disputed facts. In its opposition to summary judgment, Plaintiff calls into question her earlier allegation that the water was on the floor in the vestibule because of the rain.

Plaintiff now hypothesizes that it is equally likely the water got there some other way, like a customer spill. In support of this argument, Plaintiff points to a picture of the area just outside of the store entrance which shows a dry parking lot. Doc. 57-1 at 158. In addition, Plaintiff relies on a surveillance video that shows a yellow caution cone on the floor by the store entrance off to the side of where Plaintiff fell. Plaintiff asserts that the deposition testimony of the store's manager suggests that the cone was placed in the middle of the vestibule because "there was something that [a Walmart employee] was doing earlier in the day or maybe five minutes before that." Doc. 57-1 at 140. The store's assistant manager was also deposed and stated that a cone might have been there for reasons other than rainwater being tracked in, like if somebody had spilled something. Doc. 57-1 at 76. Defendant, for its part, does not insist that there was rainwater on the floor but argues that no evidence supports any other explanation proposed by Plaintiff.

Next, Plaintiff asserts that the ceramic tile floor is particularly slippery when wet. In support of this, Plaintiff points to the fact that over the past three years there have been at least 230 documented slip and falls in the vestibule areas of Illinois Walmart stores (this data, the "Claims Data"). Many of these incidents specifically state that they occurred on tile flooring. Moreover, Plaintiff points to the fact that the store where Plaintiff fell replaced the tile flooring with rubber flooring after the incident. Defendant does not dispute that the store took subsequent remedial measures but argues that the information Plaintiff relies on, if even relevant, does not support the conclusion that the floor was particularly slippery when wet.

Finally, Plaintiff argues that poor lighting in the entryway contributed to Plaintiff's fall, and that Defendant should have put down mats as a preventative measure. Defendant contests that Plaintiff should be permitted to make these assertions this late in the game and denies that these facts establish its liability.

**LEGAL STANDARD**

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to material facts is genuine "if the evidence is such that a reasonable jury" could resolve the dispute by returning a verdict for the nonmoving party. *Id.* The moving party bears the initial responsibility of identifying the "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); Fed. R. Civ. P. 56(c). Ultimately, however, the party who bears the burden of proof on any issue may not rest on the pleadings and must affirmatively present some evidence to support its claims. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Hunches or speculation will not succeed in creating a genuine issue of material fact. *Id*.

When ruling on a motion for summary judgment, a court may look beyond the parties' cited material and consider all admissible evidence in the record. Fed. R. Civ. P. 56(c)(3); Wright & Miller, Fed. Prac. & Proc. Civ. § 2722 (4th ed.) (describing admissibility requirements). In so doing, the court considers the evidence in the light most favorable to the nonmoving party. *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 690 (7th Cir. 2010).

**ANALYSIS**

Under Illinois law, the "essential elements of a common law negligence cause of action are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach." *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct.

2009). Property "owners and business operators have a general duty to provide a reasonably safe means of ingress to and egress from their business." *Id.* However, it is "well settled that property owners as well as business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premises from the outside." *Id.*

Because Plaintiff proposed in her Complaint that the water she slipped on may have been tracked in rainwater, Defendant argues the "natural accumulation rule" applies, and it therefore is not liable. *Id*. (describing that under the natural accumulation rule property owners have no duty to remove tracks or residue from natural accumulations of water outside the building and no duty to warn of such conditions). In an attempt to circumvent the application of the natural accumulation doctrine, Plaintiff proposes that an exception applies: Property owners and business operators may be liable for injuries resulting from a natural accumulation of rainwater if the "materials used in the floors at issue were particularly slippery and dangerous when wet." *Id.* at 637. Plaintiff argues that the ceramic tile at issue must have been particularly slippery, and points to the Claims Data, store-manager deposition testimony, and the store's replacement of the vestibule flooring with rubber flooring.

Defendant's first response to Plaintiff's reliance on the "particularly slippery" exception is that this allegation should have been made in Plaintiff's Complaint. However, "[a]s a general rule, district courts should not hold plaintiffs to their earlier legal theories unless the changes unfairly harm the defendant or the case's development" like by causing unreasonable delay or making defense more costly. *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017). To the extent that Plaintiff's theory is new, the Court allows it. The Complaint already alleges that Plaintiff slipped on a pool of water on the floor of the vestibule. That the slip may have occurred not just because water was on the floor but because the flooring material was

slippery is a relatively minor change that will not prejudice Defendant. Therefore, even if Plaintiff should have specified that the floor itself played a unique role in causing Plaintiff's injuries, Plaintiff's amendment is allowed. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (excluding circumstances not applicable here, "leave to amend should be freely given"); Fed. R. Civ. P. 15(a)(2).[1]

The Court moves on to the merits of the summary judgment arguments. As a preliminary matter, the Court agrees with Defendant's central contention: Plaintiff does not survive summary judgment if Plaintiff's fall resulted only from water that had naturally accumulated in the vestibule. *See Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 639 (Ill. App. Ct. 2009) (reiterating the longstanding natural-accumulation rule). Plaintiff tacitly agrees and thus has pivoted to the "particularly slippery flooring" exception to the natural accumulation rule. The problem for Plaintiff is that, even interpreting the record in the light most favorable to her, there is no relevant evidence supporting the exception. The Claims Data does not provide evidence for a reasonable jury to conclude that the ceramic tile *at this Walmart* was particularly slippery, given that the Claims Data aggregates accident reports from every Walmart in Illinois. Plaintiff does not point to any evidence in the record showing that all Walmart vestibules use the same ceramic tile. If the Claims Data relates to slip and falls on other types of tile, it is wholly irrelevant. And even if every Walmart in Illinois did have the same tile, Plaintiff provides no evidence for how many slip and falls per year should be expected with non-particularly-slippery flooring. This Walmart location had more than eighty people enter and exit just one vestibule over the course of one hour. Doc. 63 at 8:45 – 9:45 a.m. According to Plaintiff, Illinois has 152 Walmart locations. In the Court's experience, Walmart is open at least seventeen hours a day. If

---

[1] Plaintiff's new argument that the vestibule area was poorly illuminated is similarly allowed because it also builds on the existing allegation that Plaintiff slipped on water on the floor.

eighty people pass through every Walmart vestibule each hour, that would mean millions of customers pass through an Illinois Walmart vestibule over a three-year period. Under such circumstances, no reasonable juror could find that 230 falls is evidence of the flooring being particularly slippery. Of course, the Court does not know how many people visit Walmart each year, or even every hour other than the one documented here, since no one has provided that data. The point is that the Claims Data, without additional context, does not support a reasonable inference that the ceramic tile was particularly slippery. To the extent Plaintiff cites cases in support of her argument of excessively slippery flooring, all are distinguishable by virtue of the expert testimony the plaintiffs provided which constituted actual evidence of the flooring being slippery. *E.g.*, *Lee v. Phillips Petroleum Co.*, No. 00 C 4070, 2001 WL 604189, at *3 (N.D. Ill. May 31, 2001) (finding that expert testimony that slippery tile was a hazard to invitees created a triable issue of fact); *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994) (finding that expert testimony as to tile floor being unreasonably slippery was sufficient to create a triable issue of fact); *Sommese v. Maling Bros.*, 222 N.E.2d 468, 469 (Ill. 1966) (upholding jury verdict for plaintiff who introduced expert testimony that a terrazzo floor without any abrasive material on its surface is very slippery and hazardous and that the floor at issue was terrazzo without an abrasive material on its surface). The Claims Data is simply insufficient to create a genuine issue of fact.

Apart from the Claims Data, Plaintiff points only to the fact that Defendant replaced the tile flooring with rubber flooring after the incident in support of her argument that the tile flooring was hazardously slippery. Of course, Federal Rule of Evidence 407 explicitly prohibits evidence of such subsequent remedial measures being used to establish negligence. Plaintiff tries to avoid Rule 407 by arguing that she is not using the flooring replacement to establish

negligence, but instead to show that an alternative feasible design was available. Although the Court disagrees with that premise, even if the Court were to use the evidence that the floor was replaced, it does not provide evidence that the original floor was "particularly slippery and dangerous when wet." *Reed*, 914 N.E.2d at 637. Plaintiff is correct that rubber is less slippery than tile, but Defendant is under no obligation to provide the safest possible flooring – it simply has the duty to not provide particularly dangerous flooring. Thus, while the Court is mindful that its task at summary judgment is not to weigh the evidence, there is no evidence about the slipperiness of this particular tile to weigh; there is only speculation. Speculation cannot support Plaintiff's claim through summary judgment. *See Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (explaining evidentiary requirements at summary judgment stage).

Moving on to Plaintiff's argument that Defendant should have placed mats out in the vestibule area, such an obligation exists only if the flooring material was particularly slippery. Given that Plaintiff has not provided such evidence, her mat-related argument is without merit. In addition, evidence of Defendant's typical response to a rainy day (the placing out of mats on the floor) does not suffice to establish its legal liability. "Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines." *Rhodes v. Illinois Cent. Gulf R.R.*, 665 N.E.2d 1260, 1272 (1996) (collecting cases).

Nor do Plaintiff's other arguments in support of Defendant's negligence provide a genuine issue of material fact to present to a jury. First, Plaintiff argues that the vestibule was "dim." However, Plaintiff does not supply any evidence or argument relating to how the dimness of the vestibule may have contributed to causing her fall. Though courts often reserve cause determinations for the jury, this "is not a case in which the plaintiff and defendant both presented evidence of proximate cause and a jury should be called on to resolve the dispute." *Berke v.*

*Manilow*, 63 N.E.3d 194, 206 (Ill. App. Ct. 2016). Moreover, after watching both angles of the surveillance video supplied by the parties and looking at the photos, the Court is confident that no reasonable jury could conclude that any supposed dimness in the entryway could have caused Plaintiff's fall based on the existing evidence. Plaintiff's fall occurred three steps away from a wall of glass entrance doors at 9:45 a.m. on a bright day while the doors were wide open; she did not fall off a retaining wall at night in a "completely dark" area, *Rogers v. Matanda, Inc.*, 913 N.E.2d 15, 17 (Ill. App. Ct. 2009), nor at 2:00 a.m. on icy stairs lit only by a beer sign and a street light ten feet away, *Kittle v. Liss*, 439 N.E.2d 972, 973 (Ill. App. Ct. 1982), and thus this case is not even remotely like those where darkness was found to create a triable issue of fact.

      Plaintiff similarly does not adequately support her argument that her fall could have been caused by a non-natural accumulation of water. While Plaintiff is correct that when asked to speculate about why a yellow caution cone had been placed near the vestibule Defendant's employees came up with hypothetical possibilities. But none of those employees had knowledge about why this particular yellow caution cone was in the store on that day. Doc. 57-1 at 140 ("I'm not sure why that cone was there."); Doc. 57-1 at 76-77 (a cone indicates "it may or may not be wet or dry" because cones could "be left there for days at a time"). With the employee testimony excluded as speculation, the only evidence Plaintiff has that the puddle on the floor may have been from something other than rainwater is the picture of the dry parking lot, and her argument that therefore the water must have come from somewhere other than the sky. But it is Plaintiff's burden to show that the accumulation of water was unnatural. *Crane v. Triangle Plaza, Inc.*, 591 N.E.2d 936, 940 (1992). To the extent it was unnatural and not caused by the defendant, the owner or operator will only be liable if it "had either actual or constructive notice of the puddle." *Babich v. Copernicus Found.*, 2019 IL App (1st) 181537-U, ¶ 21. Plaintiff has

not directed the Court to any evidence of actual or constructive notice,[2] and therefore even if the puddle was present for some reason other than the rain, Plaintiff's claim does not survive summary judgment.

## CONCLUSION

Plaintiff has failed to establish a breach of any duty owed by Defendant to Plaintiff, and therefore the negligence claim is not legally sustainable. For the reasons set forth above, Defendant's motion for summary judgment is granted.

Dated: March 6, 2025

_____
APRIL M. PERRY
United States District Judge

---

[2] Plaintiff's suggestion that the yellow caution cone is evidence that store employees had notice of the spill is simply not supported by the record: the video footage shows the caution cone well off to the side of where Plaintiff fell, the employees testified that they did not know why the cone was there that day, and even if it was placed there to warn of the puddle on which Plaintiff slipped, Plaintiff does not establish how Defendant could still be liable even after Defendant warned customers of the puddle.